UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
JASON WIMBERLY,                                             :
                                    Plaintiff,              :
                                                            :          12 Civ. 7773 (JPO)
                    -v-                                     :
                                                            :          OPINION AND ORDER
UNITED STATES DEPARTMENT OF                                 :
EDUCATION,                                                  :
                                    Defendant.  :
------------------------------------------------------------ X

J. PAUL OETKEN, District Judge:

        This is a *pro se* action brought by Plaintiff Jason Wimberly ("Plaintiff") pursuant to the

Higher Education Act ("HEA"), 20 U.S.C. § 2001 *et seq.*, to discharge student loans obtained

from the United States Department of Education ("DOE").  The DOE has moved to dismiss

under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  For the reasons that

follow, DOE's motion to dismiss is granted.

I.      **Background**

        The following facts are taken from the allegations in the Complaint.  (Dkt. No. 2

("Compl.").)

        A.      **Factual Background**

        Plaintiff is currently a resident of New York.  On or around December 30, 1999, he

entered the guardianship of the Illinois Department of Children and Family Services.  On or

around August 17, 2001, while under the care of a foster parent, he was accepted at Southern

Illinois University.  At the time of acceptance, Plaintiff knew he would not be able to remain

with his foster parent after high school graduation.  "Faced with no other options for housing,

and a disability (narcolepsy)," as well as a "lack of parental support . . . and no finances," he

entered into an agreement with the DOE "against his will" to obtain loans through the William

1

D. Ford Federal Direct Loan Program to cover his university expenses.  Plaintiff attempted several times to contact his social worker to seek alternative ways to pay for his education, but he was met with "blatant disregard and disinterest."  He also claims that he was entitled to take part in an Illinois state stipend program, but his case worker "maliciously neglected" to enroll him in the program.

### B.   Procedural Background

Plaintiff initiated this action on October 25, 2012.  (Compl.)  The DOE filed a motion to dismiss and supporting memorandum on July 31, 2013.  (Dkt. No. 12 ("Def.'s Mem.").)  Plaintiff has not filed an opposing memorandum.

## II.   Legal Standard

In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts as true all material allegations in the Complaint and draws all reasonable inferences in Plaintiff's favor. *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006).  The Court will not consider, however, mere conclusory allegations that lack a factual basis.  *Hayden v. Paterson*, 594 F.3d 150, 160-61 (2d Cir. 2010) (internal citations omitted).  To survive a motion to dismiss, the Complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Plaintiff's *pro se* status does not excuse him from compliance with the pleading standards of the Federal Rules of Civil Procedure.  *Spataro v. Glenwood Supply*, 2012 WL 4690259, at *1 (2d Cir. Oct. 4, 2012).  However, *pro se* complaints are held to a less stringent standard than pleadings drafted by attorneys, and are read with a "special solitude" to raise the "strongest

[claims] that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir.

2006) (internal quotation marks and citations omitted).

## III.   Discussion

The HEA does not provide a private cause of action for student borrowers. *See Sanon v.

Dep't of Educ.*, 453 Fed. App'x 28, 30 (2d Cir. 2011); *Bowers v. Pennsylvania Higher Educ.

Assistance Agency*, No. 10 Civ. 8675 (PKC), 2011 WL 3585986, at \*2-3 (S.D.N.Y. July 29,

2011).  Rather, a borrower who believes his loans should be discharged must submit to the

holder of the loan a written request and sworn statement describing the basis for discharge. *See

34 C.F.R. § 682.402(e)(3) (describing process for discharging loan because school falsely

certified borrower's eligibility).  The holder of the loan then forwards the request to a guaranty

agency that decides whether the loan should be discharged. *Id.* § 682.402(e)(7).  If the agency

denies the request, then the borrower may appeal the decision to the Secretary of Education. *Id.*;

*Nehorai v. U.S. Dep't of Educ. Direct Loan*, 2008 WL 1767072, at \*1 (E.D.N.Y. Apr. 14, 2008).

Only after exhausting administrative remedies may a borrower seek judicial review of the

Secretary's decision under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*[1]  *See De La

Mota v. U.S. Dep't of Educ.*, 412 F.3d 71, 77 (2d Cir. 2005); *Bowers*, 2011 WL 3585986, at \*4;

*Nehorai*, 2008 WL 1767072, at \*1.  A failure to first pursue administrative remedies will result

in dismissal of the action. *See, e.g.*, *Shabtai v. U.S. Dep't of Educ.*, No. 02 Civ. 8437 (LAP),

2003 WL 21983025, at \*7 (S.D.N.Y. Aug. 20, 2003).

Here, Plaintiff has not alleged that he complied with the procedures of the applicable

regulations for the discharge of student loans.  Consequently, this action must be dismissed

---

[1] The statute of limitations for judicial review of an agency decision under the APA is six years.
*See* 28 U.S.C. § 2401(1); *see also Kelly v. Aman Collections Servs.*, 2007 WL 909547, at \*4 (D.
Minn. Mar. 23, 2007) (applying six-year limitations period to borrower's challenge to DOE
decision).

because this Court lacks subject matter jurisdiction and because Plaintiff has failed to state a claim. *See id.* at *7 (dismissing action seeking cancellation of student loans because the plaintiff had not alleged that she requested cancellation from the holder of the loan); *Nehorai*, 2008 WL 1767072, at *1 (same).

## IV.   Conclusion

For the foregoing reasons, this action is dismissed without prejudice to (i) Plaintiff filing an amended complaint within 30 days of the date of entry of this order; or (ii) Plaintiff filing a new action after exhaustion of administrative remedies.

The Clerk of Court is directed to terminate the motion at Docket No. 12 and to close this case.

SO ORDERED.

Dated: New York, New York
       November 21, 2013

                                            _____
                                            J. PAUL OETKEN
                                            United States District Judge

Copy mailed to the following address on November 21, 2013:

Jason Wimberly
608 Eighth Avenue
3rd Floor – Unit 3L 1
New York, NY 10118